**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SIMCHA DORNBUSH, on behalf of himself and all others similarly situated,<br><br>Plaintiffs,<br><br>-against-<br><br>ALLIED ACCOUNT SERVICES, INC. and JOHN DOES 1-25,<br><br>Defendants. | Civil Case Number:<br><br>**CIVIL ACTION**<br>**CLASS ACTION COMPLAINT**<br>**AND**<br>**DEMAND FOR JURY TRIAL** |

Plaintiff SIMCHA DORNBUSH (hereinafter, "Plaintiff"), a New York resident, brings this class action complaint by and through his attorneys, Marcus & Zelman, LLC, against Defendant ALLIED ACCOUNT SERVICES, INC. (hereinafter "Defendant"), individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

**INTRODUCTION/PRELIMINARY STATEMENT**

1. Congress enacted the FDCPA in 1977 in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. § 1692(a). At that time, Congress was concerned that "abusive debt collection practices contribute to the number of personal bankruptcies, to material instability, to the loss of jobs, and to invasions of individual privacy." *Id.* Congress concluded that "existing laws . . . [we]re inadequate to protect consumers," and that "the effective collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) & (c).

2. Congress explained that the purpose of the Act was not only to eliminate abusive debt

1

collection practices, but also to "insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." *Id.* § 1692(e). After determining that the existing consumer protection laws were inadequate, *id.* § 1692(b), Congress gave consumers a private cause of action against debt collectors who fail to comply with the Act. *Id.* § 1692k.

## JURISDICTION AND VENUE

3. The Court has jurisdiction over this class action under 28 U.S.C. § 1331, 15 U.S.C. § 1692 *et seq.* and 28 U.S.C. § 2201. If applicable, the Court also has pendent jurisdiction over the state law claims in this action pursuant to 28 U.S.C. § 1367(a).

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

## NATURE OF THE ACTION

5. Plaintiff brings this class action on behalf of a class of all consumers nationwide seeking redress for Defendant's actions of using an unfair and unconscionable means to collect a debt.

6. Defendant's actions violated § 1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA") which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

7. Plaintiff is seeking damages, and declaratory and injunctive relief.

## PARTIES

8. Plaintiff is a natural person and a resident of the State of New York, County of Nassau, and is a "Consumer" as defined by 15 U.S.C. §1692(a)(3).

9. Defendant is a collection agency with its principal office located in the State of New York,

County of Nassau.

10. Upon information and belief, Defendant is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

11. Defendant is a "debt collector," as defined under the FDCPA under 15 U.S.C. § 1692a(6).

12. John Does 1-25, are fictitious names of individuals and businesses alleged for the purpose of substituting names of Defendants whose identities will be disclosed in discovery and should be made parties to this action.

## **CLASS ALLEGATIONS**

13. Plaintiff brings claims, pursuant to the Federal Rules of Civil Procedure (hereinafter "FRCP") Rule 23, individually and on behalf of the following consumer classes (the "Class"):

> Class A: All (1) consumers in the United States who received a collection letter from the Defendant (2) attempting to collect a debt or alleged debt owed to Cardozo Law School, (3) which set forth an amount owed, (4) and which failed to disclose that a percentage of any payment made would be applied towards collection fees rather than towards a reduction of the total amount owed.
>
> Class B: All (1) consumers in the State of New York who received a collection letter from the Defendant (2) attempting to collect a debt or alleged debt, (3) which set forth an amount owed, (4) and which failed to disclose that a percentage of any payment would be applied towards collection fees rather than principal.
>
> Class C: All (1) consumers in the United States who received a collection letter from the Defendant (2) attempting to collect a debt or alleged debt owed to Cardozo Law School, (3) who thereafter made a payment on that debt, a portion of which was withheld by the Defendant as a collection fee (4) which collection fee was not authorized by the agreement underlying the debt.

14. The Class period begins one year to the filing of this Action.

15. The Class satisfies all the requirements of Rule 23 of the FRCP for maintaining a class

action:

- Upon information and belief, the Class is so numerous that joinder of all members is impracticable because there are hundreds and/or thousands of persons who have received debt collection notices similar to Exhibit A from the Defendant that violate specific provisions of the FDCPA. Plaintiff is complaining of a standard form collection notice;

- There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation:

    a. Whether Defendant violated various provisions of the FDCPA;

    b. Whether Plaintiff and the Class have been injured by Defendant's conduct;

    c. Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendant's wrongdoing and if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and

    d. Whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

- Plaintiff's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories.

- Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class.

- Plaintiff will fairly and adequately protect the interest of the Class and has

4

  retained experienced and competent attorneys to represent the Class.

- A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates that no unusual difficulties are likely to be encountered in the management of this class action.

- A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would engender.  Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein.  Absent a Class Action, class members will continue to suffer losses of statutory protected rights as well as monetary damages. If Defendant's conduct is allowed to proceed without remedy they will continue to reap and retain the proceeds of their ill-gotten gains.

- Defendant has acted on grounds generally applicable to the entire Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## ALLEGATIONS OF FACT

16. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

17. Sometime in 2004, the Plaintiff graduated from Cardozo Law School, having borrowed $10,000.00 from Cardozo in order to help finance his education. ("the Cardozo Loan").

18. The Cardozo Loan arose in relation to an obligation for a personal tuition bill, and is a

transaction in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family or household purposes.

19. The alleged Cardozo Loan obligation is a "debt" as defined by 15 U.S.C.§ 1692a(5).

20. Cardozo is a "creditor" as defined by 15 U.S.C.§ 1692a(4).

21. Defendant contends that the Cardozo debt is past due.

22. Defendant collects and attempts to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors using the United States Postal Services, telephone and internet.

23. Cardozo hired the Defendant to collect on the alleged debt.

24. In an effort to resolve his outstanding debt, the Plaintiff has been making steady payments to the Defendant on the Cardozo Loan.

25. On or about August 12, 2016, the Defendant caused to be delivered to the Plaintiff a collection letter in an attempt to collect the alleged Cardozo debt. *See* **Exhibit A.**

26. The August 12, 2016 letter was sent or caused to be sent by persons employed by Defendant as a "debt collector" as defined by 15 U.S.C. §1692a(6).

27. The August 12, 2016 letter is a "communication" as defined by 15 U.S.C. §1692a(2).

28. The front portion of the letter states:

| | |
|---|---|
| Creditor:  Cardozo Law School | Principal Amount:        $2,601.28 |
| Creditor's Account No.:  XXXX5420 | Interest Amount:           $9.99 |
| Other Amount:           $0.00 | Total Amount Due:      $2,611.27 |

29. The August 12, 2016 Collection Letter continued that: "As per our Agreement, your postdated check for $175.00 will be deposited on August 16, 2016."

30. Nowhere in the August 12, 2016 Collection Letter is there any mention that this $175.00 payment would be allocated to anything but principal or interest.

6

31. Nowhere in the August 12, 2016 Collection Letter is there any mention that any payments made towards the Total Amount Due would only reduce the Plaintiff's balance by seventy-five percent (75%) because the Defendant was pocketing twenty five percent (25%) as its 'collection fee'.

32. Upon information and belief, Plaintiff never authorized the collection of such a 25% collection fee on his Cardozo Loan.

33. Upon information and belief, the collection of an undisclosed and unauthorized 25% contingency collection fee is not expressly authorized by law.

34. Upon information and belief, the collection fee was a 25% contingent fee agreed to by Defendant and Cardozo, i.e. the collection fee was a predetermined percentage of the total amount recovered for Cardozo.

35. Upon information and belief, the collection fee bears no relation to and are substantially greater than costs actually incurred by Defendant or Cardozo in their attempts to collect the account.

36. Upon information and belief, Defendant transmits thousands of letters to consumers, similar to the said letter, which fails to disclose that any payments made would be docked a 25% collection fee.  In each instance, payments unwittingly made by consumers are only partially attributed towards their balance, with the remainder of the money being pocketed by the Defendant as an undisclosed collection fee.

37. In each instance, Defendant charges the consumer with an undisclosed, unfair, illegal and unauthorized collection fee.

38. This practice misleads consumers by creating the false impression that if they pay the amount sought, they are reducing their debt and perhaps even eliminating it, when in fact,

7

a large portion of the amounts paid are never credited towards the amount owed on the debt.

39. Upon information and belief, there is no legal or contractual right for Defendant to charge contingent collection costs, untied to actual collection costs, on Cardozo Law School accounts.

40. Upon information and belief, Plaintiff paid thousands of dollars in collection fees to the Defendant as a result of the Defendant's deceptive collection practices. For example, Plaintiff paid $175.00 on the Cardozo Loan to the Defendant in June, July and August of 2016, respectively. Upon information and belief, Defendant deceptively pocketed $43.75 from each of those payments, without disclosing to the Plaintiff that he was not actually reducing his account by $175.00.

41. Upon information and belief, the amount of principal and collection fees already paid by Plaintiff on the Cardozo Loan (not including the additional thousands of dollars paid towards interest) far exceeds the full outstanding amount of the $10,000.00 Cardozo Loan.

42. Defendant's violations of the FDCPA caused the Plaintiff actual harm, in seeking and collecting an amount from the Plaintiff far in excess of what he actually owed, in depriving the Plaintiff of information that he was statutorily entitled to, in subjecting the Plaintiff to improper and deceptive collection activity in violation of the Plaintiff's statutorily created rights to be from such a debt collector's inappropriate attempts to collect a debt, in deceptively withholding part of the money paid by the Plaintiff towards his account balance and pocketing it as a 'collection fee, and in subjecting the Plaintiff to false, deceptive, unfair and unconscionable means to collect a debt.

43. Defendant's violations of the FDCPA also carried the real risk of harm that the Plaintiff

would continue to pay an amount in excess of what he actually owed and in excess of what Defendant could legally collect or attempt to collect.

## COUNT I

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692e *et seq.*

44. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

45. Defendants' debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e(2).

46. The Defendants violated said sections by falsely representing the amount of the debt in violation of 15 U.S.C. §1692e(2)(A).

47. Pursuant to 15 U.S.C. § 1692e and § 1692e(10), a debt collector may not use any false, misleading and/or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

48. The Defendant violated 15 USC § 1692e(10) by deceptively stating that Plaintiff owed a 'Total Amount Due' of $2,601.28 on his Cardozo Loan.

49. Plaintiff, like any other consumer, would assume that if he paid $175.00 towards the 'Total Amount Due', that the 'Total Amount Due' would be reduced by $175.00.

50. However, because the Defendant was pocketing twenty-five percent (25%) of any payments made, the Plaintiff was, in fact, not receiving a credit of $175.00 towards the 'Total Amount Due.'

51. Plaintiff, like any other consumer, would assume that if he paid the entire 'Total Amount Due' - in this case consisting of $2,601.28 – that he would not owe any additional monies on the account.

9

52. However, because the Defendant was pocketing twenty-five percent (25%) of any payments made, the Plaintiff would in fact still owe hundreds of dollars on this account if he made that payment.

53. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692e *et seq*. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## COUNT II

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692f *et seq.*

54. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

55. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated 15 U.S.C. § 1692(f) of the FDCPA.

56. Pursuant to 15 U.S.C. § 1692(f)1, a debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: (1) The collection of any amount (including interest, fee, charge or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

57. Defendants violated said section by charging a collection cost not expressly authorized by the agreement creating the debt or permitted by law.

58. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692f *et seq*. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff demands judgment against Defendants as follows:

(a) Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative, and Ari Marcus, Esq. and Yitzchak Zelman, Esq., as Class Counsel;

(b) Awarding Plaintiff and the Class statutory damages;

(c) Awarding Plaintiff and the Class actual damages;

(d) Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

(e) Awarding pre-judgment interest and post-judgment interest; and

(f) Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.

Dated: March 6, 2017

        */s/ Yitzchak Zelman*
        Yitzchak Zelman, Esq.
        MARCUS ZELMAN, LLC
        1500 Allaire Avenue, Suite 101
        Ocean, New Jersey 07712
        (732) 695-3282 telephone
        (732) 298-6256 facsimile
        *Attorneys for Plaintiff*

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

Dated: March 6, 2017

        */s/ Yitzchak Zelman*
        Yitzchak Zelman, Esq.